Saturday Oct. 24th. The Judges delivered their opinions.
Judge Tucker.
This was a bill brought by David Jones attorney in fact for the President and trustees of the ‘■'■Philadelphia Baptist Association’’’ to recover a legacy bequeathed by Silas Hart “ to the Baptist Association that for ordinary meets in Philadelphia annually.” The executors admit the legacy, but say that they “ do not think il it safe to pay the same, inasmuch as it has never been u shown that the Baptist Association was at the time of “ making the will a corporate body; on the contrary, “ they believe it was not incorporated, either at the time 41 of making the will, or of their testator’s death, and call for proof.” None is produced as to this point. The court dismissed the bill.
*476 Without deciding whether the constituents of Mr. yones have proved themselves to be the objects of the tes» bounty, or not, since it is possible that some other Baptist Association, that ordinarily meets in Philadelphia annually, might contest that point with them, I am of opinion that the bill cannot be maintained in the name of an attomey ;n factj even in a Court of Equity. The common case of the assignee of a bond in England, who must, even when he has an irrevocable power of attorney, sue in the name of the obligee, sufficiently proves this I conceive.
My opinion therefore is, that the decree of dismission be affirmed, without prejudice to any right which the con» stituents of the appellant may have.